IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEWAYNE T. LEWIS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22-cv-00602 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| MELVIN DAVIS, et al., | ) | Chief United States District Judge |
|     Defendants. | ) | |

## ORDER

DeWayne T. Lewis, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that prison officials at Wallens Ridge State Prison suspended his visitation privileges for three years without providing due process. The case is presently before the court on Lewis's motion for preliminary injunctive relief, ECF No. 2, in which he seeks to be transferred to Sussex I or II State Prison out of fear that the defendants will retaliate against him. Having reviewed the motion, the court concludes that Lewis has failed to make a clear showing that he is entitled to preliminary injunctive relief. Therefore, the motion will be denied.

A temporary restraining order or preliminary injunction is an "extraordinary" remedy that courts should only grant "sparingly and in limited circumstances." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991) (internal quotations omitted). A plaintiff seeking preliminary injunctive relief must make a "clear showing" that he is entitled to such relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). Specifically, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Id. at 20. A temporary restraining order or

preliminary injunction cannot be issued unless all four requirements are satisfied. Pashby v. Delia, 709 F.3d 307, 320 (4th Cir. 2013).

At this stage of the proceedings, Lewis has not met his burden of establishing that preliminary injunctive relief is appropriate. Among other deficiencies, Lewis has not shown that he is likely to suffer "actual and imminent" irreparable harm in the absence of the requested relief. Direx Israel, Ltd., 952 F.2d at 812 (internal quotation marks omitted); see also Winter, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction."). Although Lewis seeks to prohibit the defendants from retaliating against him, his motion does not provide any factual basis to suggest that such retaliation is likely to occur. Instead, the motion appears to be based on "mere speculation," which is "insufficient to serve as the basis for an injunction." Smith v. W. Va. Reg'l Jail & Corr. Facility Auth., No. 3:12-cv-7358, 2013 WL 820584, 2013 U.S. Dist. LEXIS 29363, at *6 (S.D.W. Va. Mar. 5, 2013); see also Williams v. Maryland, No. 8:09-cv-0879, 2011 WL 3422825, 2011 U.S. Dist. LEXIS 85619, at *27 (D. Md. Aug. 3, 2011) (concluding that "unsubstantiated fears" of retaliation were "simply too speculative to amount to irreparable harm").

Additionally, "the decision about where to house any particular inmate is generally committed to the discretion of the state's prison officials, and a federal court must show deference to such decisions." Ofori v. Fleming, No. 7:20-cv-00344, 2021 WL 4527248, 2021 U.S. Dist. LEXIS 190922, at *7 (W.D. Va. Oct. 4, 2021) (citing Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980)). While Lewis may prefer to be housed at Sussex I or II, he has not shown that the public interest would be served by requiring prison officials to transfer him to one of those facilities. See Taylor v. Freeman, 34 F.3d 266, 274 n.7 (4th Cir. 1994) (noting, in vacating a

preliminary injunction, that the district court failed to adequately account for "the degree to which the public interest is disserved when federal courts assume the role of state prison administrators").

For these reasons, it is hereby **ORDERED** that Lewis's motion for preliminary injunctive relief, ECF No. 2, is **DENIED**. The Clerk is directed to send a copy of this order to Lewis.

It is so **ORDERED**.

Entered: November 4, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.11.04 10:50:21 -04'00'

Michael F. Urbanski
Chief United States District Judge